UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LOUIE GARCIA,

                                 Plaintiff,

-against-

THE CITY OF NEW YORK, DET. "JOHN" BOYD, P.O.
"JOHN" RIVERA, DET. "JOHN" DALIZ, P.O. "JOHN"
PEREZ, SGT. "JOHN" GOGGIN, DET. SAM
CARASQUILLO, and P.O.s  JOHN and JANE DOE #1-
10, individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                 Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

07 Civ. 9786 (DAB)

**JURY TRIAL DEMANDED**

Plaintiff LOUIE GARCIA, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.    Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.    Plaintiff LOUIE GARCIA is a Latino male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.    That at all times hereinafter mentioned, the individually named defendants DET. "JOHN" BOYD, P.O. "JOHN" RIVERA, DET. "JOHN" DALIZ, P.O. "JOHN" PEREZ, SGT. "JOHN" GOGGIN, DET. SAM CARASQUILLO, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On August 5, 2006, at approximately 6:30 p.m., plaintiff LOUIE GARCIA was lawfully present in his vehicle in the vicinity of 158th Street and Edgecomb Avenue, in the County, City and State of New York.

14.     At aforesaid time and place, plaintiff LOUIE GARCIA was suddenly accosted by members of the New York City Police Department.

15.     Defendants hit plaintiff LOUIE GARCIA in the head with a gun, knocking him unconscious.

16.     Plaintiff LOUIE GARCIA's vehicle then traveled forward, striking several other cars.

17.     As a result of this unprovoked assault and the resulting motor vehicle accidents, plaintiff LOUIE GARCIA sustained, *inter alia*, injuries to his head, lungs, back, liver, spleen, pelvis, and shoulder.

18.     Plaintiff LOUIE GARCIA was taken to Harlem Hospital Center, where he was hospitalized for approximately one week as a result of the injuries inflicted by and/or caused by defendants.

19.     As a result of the foregoing, plaintiff LOUIE GARCIA sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §  1983

20.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

22.    All of the aforementioned acts deprived plaintiff LOUIE GARCIA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

23.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

24.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

25.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §  1983

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff LOUIE GARCIA's constitutional rights.

28.     As a result of the aforementioned conduct of defendants, plaintiff LOUIE GARCIA was subjected to excessive force and sustained severe physical injuries.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Each and every individual defendant had an affirmative duty to intervene on plaintiff LOUIE GARCIA's behalf to prevent the violation of his constitutional rights.

31.     The individual defendants failed to intervene on plaintiff LOUIE GARCIA's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

32.     As a result of the aforementioned conduct of the individual defendants, plaintiff LOUIE GARCIA's constitutional rights were violated and he was subjected to excessive force and sustained severe physical injuries.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The aforementioned customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department included, but were not limited to using excessive force on minority males while taking them into custody.

36.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Pierre Francis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 11468;

- **Daniel Claudio v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0022.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff LOUIE GARCIA.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff LOUIE GARCIA as alleged herein.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff LOUIE GARCIA as alleged herein.

40.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff LOUIE GARCIA was unlawfully subjected to excessive force.

41.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff LOUIE GARCIA's constitutional rights.

42.     All of the foregoing acts by defendants deprived plaintiff LOUIE GARCIA of federally protected rights, including, but not limited to, the right:

        A.     Not to have excessive force imposed upon him;

        B.     Not to have cruel and unusual punishment imposed upon him; and

        C.     To receive equal protection under the law.

43.     As a result of the foregoing, plaintiff LOUIE GARCIA is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars ($10,000,000.00).

## PENDANT STATE CLAIMS

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     On or about August 28, 2006, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

46.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47.    The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

48.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

49.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

50.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Defendants' aforementioned actions placed plaintiff LOUIE GARCIA in apprehension of imminent harmful and offensive bodily contact.

53.    As a result of defendants' conduct, plaintiff LOUIE GARCIA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.    Defendant police officers touched plaintiff LOUIE GARCIA in a harmful and offensive manner.

56.    Defendant police officers did so without privilege or consent from plaintiff LOUIE GARCIA.

57.    As a result of defendants' conduct, plaintiff LOUIE GARCIA has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

60.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

61.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

62.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff LOUIE GARCIA.

63.    As a result of the aforementioned conduct, plaintiff LOUIE GARCIA suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## <u>NEGLIGENT HIRING AND RETENTION</u>

64.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assault on plaintiff LOUIE GARCIA.

66.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants DET. "JOHN" BOYD, P.O. "JOHN" RIVERA,

DET. "JOHN" DALIZ, P.O. "JOHN" PEREZ, SGT. "JOHN" GOGGIN, DET. SAM CARASQUILLO, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault on plaintiff LOUIE GARCIA.

69.    As a result of the foregoing, plaintiff LOUIE GARCIA is entitled to compensatory damages in the sum of ten million dollars ($10,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of ten million dollars  ($10,000,000.00).

**WHEREFORE**, plaintiff LOUIE GARCIA demands judgment in the sum of ten million dollars ($10,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.


Dated:        New York, New York
              November 3, 2007

                                        _____/s_____
                                        ROSE M. WEBER (RW 0515)
                                        225 Broadway, Suite 1608
                                        New York, NY 10007
                                        (212) 748-3355