UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

LOUIE GARCIA,

                           Plaintiff,

                -against-

THE CITY OF NEW YORK, DET. "JOHN" BOYD, P.O.
"JOHN" RIVERA, DET. "JOHN" DALIZ, P.O. "JOHN"
PEREZ, SGT. "JOHN" GOOGIN, DET. SAM
CARASQUILLO, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                           Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK**

07 CV 9786 (DAB)(RLE)

Jury Trial Demanded

       Defendant, The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

       1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein and seeks the relief as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] On information and belief, the individuals identified in the caption of the complaint as Det. Boyd, P.O. Rivera, Det. Daliz, P.O. Perez, Sgt. Googin and Det. Carasquillo have not yet been served with the summons and complaint in this action and, therefore, are not yet defendants in this case.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a police department.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Det. Boyd, P.O. Rivera, Det. Daliz, Sgt. Googin and Det. Carasquillo were employed the Police Department of the City of New York on August 5, 2006, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint concerning P.O. Perez.

10. The allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

11. The allegations set forth in paragraph "11" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

12. The allegations set forth in paragraph "12" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that on or about August 5, 2006 the plaintiff was in a vehicle in the vicinity of 158th Street and Edgecomb Avenue in the County, City and State of New York.

14. Denies the allegations set forth in paragraph "14" of the complaint..

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff's vehicle struck other vehicles.

17. Denies the allegations set forth in paragraph "17" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

18. Denies the allegations set forth in paragraph "18" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. States that the allegations set forth in paragraph "23" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30. States that the allegations set forth in paragraph "30" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about August 28, 2006.

46. Denies the allegations set forth in paragraph "46" of the complaint, except admits that no settlement has been reached.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint, except admits that this action was commenced on or about November 5, 2007.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint, except admits that.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. The allegations set forth in paragraph "60" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

61. The allegations set forth in paragraph "61" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendant repeats and re-alleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70. The plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendant City of New York.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73. At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74. Punitive damages cannot be recovered from Defendant City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

75. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

76. Plaintiff may not have complied with the conditions precedent to suit.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

77. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

78. To the extent applicable, there was reasonable suspicion to stop and detain plaintiff.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

79. There was probable cause for plaintiff's arrest and prosecution

**WHEREFORE,** Defendant City of New York. requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 28, 2008

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel
                                  of the City of New York
                                  Attorney for Defendant City of New York
                                  100 Church Street, Room 6-307
                                  New York, New York 10007
                                  (212) 788-6405

                          By: _____
                                  Meghan A. Cavalieri (MC 6758)
                                  Assistant Corporation Counsel
                                  Special Federal Litigation Division

TO:    Via ECF
          Rose M. Weber, Esq.
          Rose M. Weber Law Office
          Attorney for Plaintiff
          25 Broadway, Suite 1608
          New York, NY 10007
          Fax: 212-791-4149

07 CV 9786 (DAB)(RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIE GARCIA,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, DET. "JOHN" BOYD, P.O. "JOHN" RIVERA, DET. "JOHN" DALIZ, P.O. "JOHN" PEREZ, SGT. "JOHN" GOOGIN, DET. SAM CARASQUILLO, and P.O.s JOHN and JANE DOE #1-10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................., *2008*

................................................................ *Esq.*

*Attorney for*................................................................

- 10 -