UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LOUIE GARCIA,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DET. "JOHN" BOYD, P.O.
"JOHN" RIVERA, DET. "JOHN" DALIZ, P.O. "JOHN"
PEREZ, SGT. "JOHN" GOOGIN, DET. SAM
CARASQUILLO, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF DEFENDANTS
BOYD AND PEREZ**

07 CV 9786 (DAB)(RLE)

Jury Trial Demanded

         Defendants, Detective Boyd and Police Officer Rivera[1], by their attorney,

Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the

complaint, respectfully alleges, upon information and belief, as follows:

         1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to bring this action as stated therein and seeks the relief as stated

therein.

         2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

         3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

_____

         [1] The City of New York previously filed an answer to the complaint on January 28, 2008 and
Detective Rivera, Detective Daliz, Sergeant Googin and Detective Carasquillo filed an answer to
the complaint on June 10, 2008.

4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.     Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation.

8.     Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that Det. Boyd, P.O. Rivera, Det. Daliz, Sgt. Googin, Det. Carasquillo and P.O. Perez were employed the Police Department of the City of New York on August 5, 2006.

10.     The allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

11.     The allegations set forth in paragraph "11" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

12.     The allegations set forth in paragraph "12" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admit that on or about August 5, 2006 the plaintiff was in a vehicle in the vicinity of 158th Street and Edgecomb Avenue in the County, City and State of New York.

14.    Deny the allegations set forth in paragraph "14" of the complaint..

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff's vehicle struck other vehicles.

17.    Deny the allegations set forth in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

18.    Deny the allegations set forth in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21.    The allegations set forth in paragraph "21" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    The allegations set forth in paragraph "23" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30.    States that the allegations set forth in paragraph "30" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    Deny the allegations set forth in paragraph "32" of the complaint.

33.    In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34.    Deny the allegations set forth in paragraph "34" of the complaint.

35.    Deny the allegations set forth in paragraph "35" of the complaint.

36.    Deny the allegations set forth in paragraph "36" of the complaint.

37.    Deny the allegations set forth in paragraph "37" of the complaint.

38.    Deny the allegations set forth in paragraph "38" of the complaint.

39.    Deny the allegations set forth in paragraph "39" of the complaint.

40.    Deny the allegations set forth in paragraph "40" of the complaint.

41.    Deny the allegations set forth in paragraph "41" of the complaint.

42.    Deny the allegations set forth in paragraph "42" of the complaint.

43.    Deny the allegations set forth in paragraph "43" of the complaint.

44.    In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

45.    Deny the allegations set forth in paragraph "45" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about August 28, 2006.

46.    Deny the allegations set forth in paragraph "46" of the complaint, except admit that no settlement has been reached.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint, except admit that this action was commenced on or about November 5, 2007.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint, except admit that.

54.    In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

55.    Deny the allegations set forth in paragraph "55" of the complaint.

56.    Deny the allegations set forth in paragraph "56" of the complaint.

57.    Deny the allegations set forth in paragraph "57" of the complaint.

58.    In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59.    Deny the allegations set forth in paragraph "59" of the complaint.

60.    The allegations set forth in paragraph "60" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

61.    The allegations set forth in paragraph "61" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

62.    Deny the allegations set forth in paragraph "62" of the complaint.

63.    Deny the allegations set forth in paragraph "63" of the complaint.

64.    In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

65.    Deny the allegations set forth in paragraph "65" of the complaint.

66.    Deny the allegations set forth in paragraph "66" of the complaint.

67.    In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

68.    Deny the allegations set forth in paragraph "68" of the complaint.

69.    Deny the allegations set forth in paragraph "69" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70.    The plaintiff fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71.    Defendants Boyd and Perez have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the Defendant City of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73.    At all times relevant to the acts alleged in the complaint, Defendant City of New York an its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74.    Punitive damages cannot be recovered from Defendant City of New York.

- 7 -

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

75.    Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

76.    Plaintiff may not have complied with the conditions precedent to suit.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

77.    Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

78.    To the extent applicable, there was reasonable suspicion to stop and detain plaintiff.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

79.    There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

80.    Defendants Boyd and Perez have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** Defendants Boyd and Perez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 23, 2008

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendant City of New York,
Rivera, Daliz, Googin, Carasquillo, Boyd
and Perez
100 Church Street, Room 3-156
New York, New York 10007
(212) 788-6405

By: ~Meghan Cavalieri

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

TO:    Via ECF
       Rose M. Weber, Esq.
       Rose M. Weber Law Office
       Attorney for Plaintiff
       25 Broadway, Suite 1608
       New York, NY 10007

- 9 -

07 CV 9786 (DAB)(RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIE GARCIA,

                              Plaintiff,

                 -against-

THE CITY OF NEW YORK, DET. "JOHN" BOYD,
P.O. "JOHN" RIVERA, DET. "JOHN" DALIZ, P.O.
"JOHN" PEREZ, SGT. "JOHN" GOOGIN, DET. SAM
CARASQUILLO, and P.O.s JOHN and JANE DOE #1-
10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
DETECTIVE BOYD AND POLICE OFFICER
PEREZ**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants The City of New York, Boyd,*
*Rivera, Daliz, Perez, Goggin and Carasquillo*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y. ...................................................., 2008*

*...............................................................................Esq.*

*Attorney for ...................................................................*

- 10 -